# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

LEE MICHAEL PEDERSON,      Court File No. 17-cv-5580 (WMW/BRT)

Plaintiff,

v.

PHILLIP FROST, OPKO HEALTH, INC.,
BRIAN KELLER, COCRYSTAL
PHARMA, INC. AND J. DOES 1-50,

Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Dated: July 30, 2018

/s/ Joseph T. Dixon III
Joseph T. Dixon III (#0283903)
Alexander D. Chiquoine (#0396420)
**Fredrikson & Byron, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: 612.492.7000
Facsimile: 612.492.7077
jdixon@fredlaw.com
achiquoine@fredlaw.com

***Attorneys for Defendants OPKO Health, Inc., Phillip Frost, Brian Keller, and CoCrystal Pharma, Inc.***

and

Brian P. Miller (admitted *pro hac vice*)
Samantha J. Kavanaugh (admitted *pro hac vice*)
**AKERMAN LLP**
98 Southeast Seventh Street, Suite 1100

Miami, FL 33131
Telephone: 305.374.5600
Facsimile: 305.374.5095
brian.miller@akerman.com
samantha.kavanaugh@akerman.com

*Attorneys for Defendants Phillip Frost and OPKO Health, Inc.*

and

Mendy Piekarski (admitted *pro hac vice*)
Thomas Scot Wolinetz (admitted *pro hac vice*)
**SICHENZIA ROSS FERENCE KESNER LLP**
1185 Avenue of Americas, 37th Floor
New York, NY 10036
Telephone: 212.930.9700
Facsimile: 212.930.9725
mpiekarski@srfkllp.com
twolinetz@srfkllp.com

*Attorneys for Defendant Brian Keller*

and

Michael Sherman (admitted *pro hac vice*)
Dan Rozansky (admitted *pro hac vice*)
**STUBBS ALDERTON & MARKILES, LLP**
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403
Telephone: 818.444.4500
Facsimile: 818.444.4520
drozansky@stubbsalderton.com
msherman@stubbsalderton.com

*Attorneys for Defendant CoCrystal Pharma, Inc.*

Defendants Dr. Phillip Frost, OPKO Health, Inc., Brian Keller and CoCrystal Pharma, Inc. (collectively, the "Defendants"), hereby respond to Plaintiff Lee Michael Pederson's ("Plaintiff") Objections to Magistrate Judge Becky R. Thorson's Report and Recommendation [Doc. No. 74] as follows:

## **INTRODUCTION**

Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint ("Motion") on March 7, 2018 [Doc. No. 62]. Plaintiff filed his Opposition ("Opposition") on April 1, 2018 [Doc. No. 65], and Defendants' filed their Reply to Plaintiff's Opposition on April 18, 2018 [Doc. No. 66]. On May 29, 2018, Magistrate Judge Becky R. Thorson heard oral argument on Defendants' Motion and was also presented with two additional requests from Plaintiff, which include: (1) Plaintiff's Request for Leave of the Court to Present Late-Breaking Facts at Oral Hearing [Doc. No. 67], and (2) Plaintiff's oral request made at the hearing to supplement the record [*See* Doc. No. 71]. On July 11, 2018, Judge Thorson issued a well-reasoned 18-page Report and Recommendation ("R&R") granting Defendants' Motion without prejudice for lack of personal jurisdiction, and denying Plaintiff's two additional requests. While Judge Thorson considered the information contained in Plaintiff's additional requests, the Court correctly determined that they would not change the jurisdictional analysis.

On July 16, 2018, Plaintiff filed his Objections to the R&R ("Objection"), arguing for the first time that the Court's analysis should focus on his status as a Minnesota attorney rather than the fact that he is a Minnesota resident. In reviewing objections to a magistrate judge's report and recommendation, a district court makes a *de novo*

3

determination of those portions of the report that are objected to. The district court must then determine whether to accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court may only consider arguments that were before the magistrate judge, and recommendations that are not objected to must be accepted without further review.

Not only is Plaintiff's main argument regarding the need to focus on his status as a Minnesota attorney new and should, therefore, be disregarded as improper, but it also fails on the merits. First, Plaintiff provides absolutely no authority in support of this argument, which is not surprising because no such authority exists. As the R&R correctly highlighted, in conducting a jurisdictional analysis, a court's focus is on a defendant's contacts *with the forum state* and plaintiff-centric arguments fail as a matter of law. Second, Plaintiff's focus on his status as a Minnesota attorney is by itself insufficient to support the exercise of personal jurisdiction over Defendants. Third, Plaintiff's argument clearly offends due process since, if it were accepted, any person who deals with a Minnesota-licensed professional, regardless of their contacts with Minnesota, would be subject to personal jurisdiction in Minnesota. This simply is not the law. Plaintiff has also failed to sustain his burden of proving personal jurisdiction as he fails to provide any evidence to support a finding of personal jurisdiction over Defendants in Minnesota.

The R&R is a thoughtful, reasoned, and comprehensive analysis of the governing legal principles and firmly establishes that Minnesota lacks personal jurisdiction over Defendants under either the Eighth Circuit's five-factors test or the *Calder* effects test.

Because it is evident that Plaintiff's main argument relies on a distinction without a difference, the Court should accept Judge Thorson's recommendation that Plaintiff's Amended Complaint be dismissed for lack of personal jurisdiction. Furthermore, because Plaintiff has not objected to Judge Thorson's recommendations denying his two additional requests, the Court should accept those recommendations without further review.

## **STANDARD OF REVIEW**

In reviewing a magistrate judge's report on a dispositive motion, a district court judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2(b)(3). In making a determination, the district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* D. Minn. L.R. 72.2(b)(3) (stating same). If a party fails to object to a proposed recommendation, the recommendation should be accepted by the district court without the need for further review. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

New arguments not raised before the magistrate judge should not be considered by the district court judge. *See Madol v. Dan Nelson Auto Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004) ("[E]ven when a magistrate judge is hearing a matter pursuant to his or her limited authority to make a 'recommended disposition,' a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review."); *see also Hammann v. 1-800 Ideas.com*, 455 F. Supp. 2d 942, 947-48

(D. Minn. 2006) ("A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge."). To allow new arguments would contravene the purpose of referring cases to a magistrate for recommended disposition. *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000).

The standard of review governing motions to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure informs this Court's *de novo* review. While the Court must view evidence in the light most-favorable to the non-moving party, the burden of proof still falls on the non-moving party to prove that jurisdiction exists. *Yellow Brick Road, LLC v. Childs*, 36 F. Supp. 3d 855, 862 (D. Minn. 2014). Indeed, it is incumbent on the non-moving party to provide evidence in support of their claim that personal jurisdiction is warranted. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (indicating that a plaintiff's showing "must be tested, not by the pleadings alone, but by affidavits and exhibits presented with the motions and in opposition thereto").

As discussed in further detail below, the Court should accept Judge Thorson's R&R in full and rule in Defendants' favor, granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint without prejudice for lack of personal jurisdiction and denying Plaintiff's additional requests brought before the magistrate judge.

## **ARGUMENT**

**I. THE COURT SHOULD ACCEPT THE MAGISTRATE JUDGE'S RECOMMENDATION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION.**

**A. Plaintiff's Main Argument Is New, Improper, and Fails to Establish Minnesota's Personal Jurisdiction Over Defendants.**

The crux of Plaintiff's Objection is that Plaintiff's status as a Minnesota attorney conferred benefits and protections to Defendants under Minnesota law and concludes that such a fact is sufficient for demonstrating "minimum contacts" for personal jurisdiction over Defendants. Objection, at 2, 5. This argument was not presented before Judge Thorson in Plaintiff's Opposition and supporting declaration (*see generally*, Opposition [Doc. No. 65]; Declaration of Lee Pederson [Doc. No. 51]), nor did Plaintiff offer this argument at the hearing on Defendants' Motion. Because this argument is new and is the only basis for Plaintiff's Objection, the Court should reject it as improper and adopt the R&R in full. *See Madol*, 372 F.3d at 1000; *Hammann*, 455 F. Supp. 2d at 947-48.

Nevertheless, even if considered, Plaintiff's argument fails on the grounds that: (1) Plaintiff-centric arguments fail to establish personal jurisdiction as a matter of law, and (2) Plaintiff offers no admissible evidence supporting his claim that Defendants' sought Plaintiff's assistance *as a Minnesota attorney* with the expectation of the benefits and protections under Minnesota law.

### 1. Plaintiff-Centric Arguments Fail to Establish Personal Jurisdiction Over Defendants as a Matter of Law.

Plaintiff attempts to advance the legal conclusion that one who uses the services of a Minnesota attorney is automatically subject to personal jurisdiction in Minnesota under a minimum contacts inquiry due to the benefits and protections provided for clients under Minnesota law. *See* Objection, at 2. As has been customary throughout these proceedings, Plaintiff offers this legal conclusion without providing any legal authority in

support. But the reason why Plaintiff provides no authority in support is because no such authority exists.

As the R&R correctly points out, the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contact between the plaintiff (or third parties) and the forum." *Walden v. Fiore*, 571 U.S. 277, 274 (2014). "Put simply, however significant the plaintiff's contacts with the forum state may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated." *Id.* This is not a novel legal concept, especially in the Eighth Circuit, where it is well-settled that these plaintiff-centric arguments fail to prove minimum contacts for purposes of establishing personal jurisdiction and satisfying due process. *See Mountaire Feeds, Inc. v. Agro Impex,* 677 F.2d 651, 656 (8th Cir. 1982) ("It is a defendant's contacts with the forum state that are of interest in determining in personam jurisdiction, not its contacts with a resident.") (citing *Aaron Ferrer & Sons Co. v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 455 n.6 (8th Cir. 1977)).

Plaintiff argues that the Court's conclusion that no personal jurisdiction exists over Defendants would change if the focus were on Plaintiff as a Minnesota attorney rather than the R&R's focus on him as Minnesota resident. Objection, at 2. While Plaintiff calls this a "crucial distinction," it is unclear what distinction actually exists or how it is relevant for the Court's jurisdictional analysis. Indeed, both would require the Court to focus on Plaintiff, rather than Defendants' contacts with Minnesota, which is contrary to Minnesota law. Further, Plaintiff's purported performance of his services as a Minnesota attorney is insufficient to support the exercise of personal jurisdiction over Defendants.

8

*See Mountaire Feeds*, 677 F.2d at 655 (finding that a seller's unilateral provision of services – manufacturing, packaging and shipping products to a nonresident buyer – was insufficient to support personal jurisdiction).

It appears that Plaintiff argues that because he is licensed to practice law in Minnesota, his professional duties as a lawyer are critical to a finding of personal jurisdiction over Defendants. Not only does Plaintiff fail to cite to any authority for such a sweeping legal conclusion, but also such an interpretation would make anyone who deals with a Minnesota-licensed professional, *e.g.*, doctors, nurses, therapists, architects, engineers, etc., immediately subject to personal jurisdiction in Minnesota since their license imposes certain duties by law to protect the public, and a party using their services would presumably benefit from those protections. As discussed above, such a plaintiff-centric inquiry is contrary to Minnesota law for a personal jurisdiction analysis. *See Mountaire Feeds*, 677 F.2d at 656. Moreover, to focus on whether a plaintiff is a Minnesota-licensed professional would shift the analysis away from a defendant's minimum contacts with the forum state, and would ultimately undermine due process. *See Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995) (indicating that under due process, the focus is on the non-resident defendant's minimum contacts with the state and that the test is whether a defendant's acts were "substantial enough to give clear notice that it would be subject to the forum state.").

Based on the foregoing, it is evident that Plaintiff is advocating a distinction without a difference and his attempts to prove personal jurisdiction through his plaintiff-centric arguments fail as a matter of law.

### 2. Plaintiff Fails to Satisfy His Burden of Proving Personal Jurisdiction.

Plaintiff fails to satisfy his burden to prove that personal jurisdiction exists over Defendants. As the non-moving party, it is Plaintiff's burden to prove facts demonstrating that personal jurisdiction exists over Defendants. *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974). A plaintiff cannot do this through pleadings alone, but must offer affidavits and exhibits in support. *Dever*, 380 F.3d at 1073.

In support of his main argument that the Court's analysis should focus on his status as a Minnesota attorney rather than the fact that he is a Minnesota resident, Plaintiff asserts that "almost all of Defendant's communications with Plaintiff were directed at Minnesota with the expectation of benefits and protection under Minnesota state law." Objection, at 5. Notwithstanding that this statement is speculative, improper and inadmissible, Plaintiff fails to attach any sworn affidavits or other evidence to support this and other similar allegations. *See* Objection, at 5-6. Because Plaintiff has failed to provide any evidentiary support, and did not meaningfully address the evidence Defendants filed in support of their Motion, Plaintiff has not satisfied his burden of proof to demonstrate that personal jurisdiction exists over Defendants. *See Dever*, 380 F.3d at 1073.

Therefore, Plaintiff has failed to provide any objections that would warrant the Court's denial of Judge Thorson's R&R.

## II. MINNESOTA LACKS PERSONAL JURISDICTION UNDER EITHER THE EIGHTH CIRCUIT'S FIVE-FACTORS TEST OR THE *CALDER* EFFECTS TEST.

Plaintiff's only objection to Judge Thorson's R&R is that it did not recognize a "crucial distinction" between Plaintiff's status as a Minnesota resident versus Plaintiff as a Minnesota attorney under the Eight Circuit's five-factors test or the *Calder* effects test. As previously discussed, such plaintiff-centric arguments fail as a matter of law. *Walden*, 571 U.S. at 274; *Mountaire Feeds*, 677 F.2d at 656. Thus, Judge Thorson's well-reasoned and comprehensive analysis clearly demonstrates that personal jurisdiction does not exist and the Court should accept all of the findings and recommendations contained in the R&R. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2(b)(3).

Courts in the Eighth Circuit consider five factors in determining whether personal jurisdiction exists: (1) the nature and quality of defendant's contacts within the forum state; (2) the quantity of contacts; (3) the source and connection of the cause of action with those specific contacts; (4) the interest of the forum state; and (5) the convenience of the parties. *Wessels*, 65 F.3d at 1432. The first three factors are of primary importance, while the last two are considered secondary. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003). In the R&R, Judge Thorson carefully considered the above factors and correctly concluded that "Plaintiff has not established personal jurisdiction for any of the named Defendants. The nature, quality, and quantity of the Defendants' contacts *with Minnesota* is thin." R&R, at 10 (emphasis in original).

With respect to the first three factors, Judge Thorson offered a plethora of Eighth Circuit authority countering Plaintiff's main argument advocated in his Opposition that

11

communications between Plaintiff and Defendants by telephone and e-mail while Plaintiff was in Minnesota—which were Plaintiff's only allegations of Defendants contact with Minnesota—were insufficient as a matter of law for establishing personal jurisdiction over Defendants. *See* R&R, at 11-12. Judge Thorson also noted that many of the primary actions relevant to Plaintiff's claims took place *outside of Minnesota*. *Id*. at 12. Judge Thorson further found that Defendants' limited contacts with Minnesota were "incidental" and ultimately, did not constitute a "deliberate and substantial connection with the state such that [Defendants] could reasonably anticipate being haled into court there." *Id*. at 13 (citing *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011)). After noting that Plaintiff's plaintiff-centric arguments fail as matter of law, Judge Thorson properly concluded that the three primary factors do not support personal jurisdiction. *Id*. at 13-14.

For the secondary factors, *i.e.,* the fourth and fifth factors under the Eighth Circuit's five-factors test, Judge Thorson correctly found that they did not weigh heavily enough in Plaintiff's favor to support a finding of personal jurisdiction. R&R, at 15. Judge Thorson recognized that the fourth factor might slightly favor Plaintiff, but the fifth factor was neutral since all parties would be equally inconvenienced regardless of whether the forum was Minnesota or another state. *Id*. After reviewing all five factors, Judge Thorson correctly concluded that personal jurisdiction did not exist over Defendants. *Id*.

Judge Thorson also considered whether personal jurisdiction could be established under the *Calder* effects test, which provides that a defendant's tortious conduct can

12

serve as a source of personal jurisdiction if a plaintiff makes a prima facie showing that defendant's acts (1) were intentional, (2) were uniquely aimed at the forum state, and (3) caused harm, the brunt of which was suffered and which defendant knew was likely to be suffered in the forum state. *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010). In applying the *Calder* effects test, Judge Thorson correctly found that while Plaintiff asserted that "the big lie was directed at [him] and used to manipulate [him] while he was in Minnesota," he failed to assert anything beyond that and "mere effects in [Minnesota] are insufficient to confer personal jurisdiction" over Defendants. R&R, at 17 (citing *Arden*, 614, F.3d at 797)). Thus, Judge Thorson correctly concluded that Plaintiff failed to make a prima facie showing of personal jurisdiction over Defendants under the *Calder* effects test.

Because the "crucial distinction" Plaintiff advances in his Objection is of no consequence for purposes of assessing whether personal jurisdiction exists over Defendants, Judge Thorson's thoughtful analysis and application should be accepted by the Court in full.

### III. ALL OTHER RECOMMENDATIONS IN THE R&R MUST BE ACCEPTED.

Plaintiff does not object to Judge Thorson's other recommendations in the R&R with respect to denying (1) his request for leave of the court to present late-breaking facts at the oral hearing, and (2) his oral request made at the hearing to supplement the record. *See generally*, Objection. Because Plaintiff failed to object, the Court should adopt these

recommendations under the R&R without the need for further review. *Arn*, 474 U.S. at 149.

## CONCLUSION

For the foregoing reasons, Defendants Dr. Phillip Frost, OPKO Health, Inc., Brian Keller, and CoCrystal Pharma, Inc., respectfully request that the Court affirm and accept Judge Thorson's Report and Recommendation in its entirety by: (1) granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 59] and dismissing Plaintiff's Amended Complaint without prejudice for lack of personal jurisdiction; (2) denying Plaintiff's Request for Leave of Court to Present Late-Breaking Facts at the Oral Hearing [Doc. No. 67]; (3) denying Plaintiff's oral request made at the hearing to supplement the record [*see* Doc. No. 71]; and (4) granting such other and further relief as the Court deems just and proper.

64499996.1