UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lee Michael Pederson,<br><br>              Plaintiff,<br><br>v.<br><br>Phillip Frost; Opko Health, Inc.; Brian Keller; CoCrystal Pharma, Inc.; and J. Does 1-50,<br><br>              Defendants. | Case No. 17-cv-5580 (WMW/BRT)<br><br>**ORDER ADOPTING REPORT AND RECOMENDATION** |

This matter is before the Court on the July 11, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 74.) The R&R recommends granting Defendants' motion to dismiss for lack of personal jurisdiction. Plaintiff Lee Michael Pederson filed timely objections to the R&R, and Defendants responded. (Dkts. 75, 80.) For the reasons addressed below, Pederson's objections do not establish that this Court has personal jurisdiction over Defendants and, therefore, the Court overrules Pederson's objections and adopts the R&R.

**BACKGROUND**[1]

Pederson commenced this action in Minnesota, alleging that Defendants engaged in a fraudulent scheme pertaining to the funding of drug-delivery technology and tortiously interfered with Pederson's prospective business advantage. Pederson, a resident of Minnesota who is licensed to practice law in the state, performed patent-related legal

---

[1]     Additional relevant factual background is addressed in the R&R.

services for Defendants and a predecessor company. Defendants Opko Health, Inc., and CoCrystal Pharma, Inc., are Delaware corporations with principal places of business in Florida and Georgia, respectively. Defendant Phillip Frost, the CEO of Opko, is a resident of Florida; and Defendant Brian Keller, who was an officer and director of a predecessor to CoCrystal, is a resident of California.

Defendants move to dismiss Pederson's amended complaint on several grounds. These grounds include Defendants' lack of sufficient minimum contacts with Minnesota to support this Court's exercise of personal jurisdiction over Defendants.

The R&R analyzes whether personal jurisdiction exists by applying the five relevant factors articulated by the United States Court of Appeals for the Eighth Circuit: "(1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003). The R&R observes that many of Defendants' alleged actions did not occur in Minnesota and were not purposefully directed at Minnesota. Instead, these alleged actions were, at most, incidental contacts with Minnesota. The R&R also observes that Defendants' contacts with Minnesota are insufficient in nature—such as communications by phone, mail, or email— and largely reflect contacts between Defendants and *Pederson* rather than contacts between Defendants and *Minnesota*.[2] For these reasons, the R&R concludes that Pederson has not

---

[2] The R&R also briefly addresses the "*Calder* effects test," concluding that Pederson's conclusory recitation of this legal standard does not demonstrate that

2

satisfied his burden to make a prima facie showing that this Court has personal jurisdiction over any of the Defendants. On this basis, the R&R recommends granting Defendants' motion to dismiss. Pederson filed timely objections to the R&R.

**ANALYSIS**

This Court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Pederson argues in his objections that the R&R erroneously focuses solely on Pederson's status as a *resident* of Minnesota and does not address Pederson's status as an attorney licensed to practice law in Minnesota. According to Pederson, this distinction is material because, by availing themselves of Pederson's legal services, Defendants availed themselves of the protections and benefits of Minnesota law—namely, the attorney-client privilege, confidentiality, and the work-product doctrine.

Merely conducting business with a resident of the forum "does not provide the requisite contacts between a [nonresident] defendant and the forum state." *Mountaire Feeds, Inc. v. Agro Impex, S. A.*, 677 F.2d 651, 655 (8th Cir. 1982) (alteration in original) (internal quotation marks omitted). This is true even if it were reasonably foreseeable that the plaintiff with whom the defendant conducted business would perform work in the forum for the benefit of the defendant. *See id.* at 655-56 (concluding that defendant, which

---

Defendants' alleged conduct was uniquely or expressly aimed at Minnesota or performed for the purpose of having its consequences felt in Minnesota. *See Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

had contracted to purchase animal feed from plaintiff, lacked sufficient minimum contacts with Arkansas even though it "may have been reasonably foreseeable that [plaintiff] would have manufactured the animal feed in Arkansas"). This is because the "foreseeability" of an impact within the forum state "has never been a sufficient benchmark for personal jurisdiction." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980).

Pederson argues, however, that Defendants availed themselves of the protection and benefits of Minnesota law by hiring an attorney licensed in Minnesota. To establish personal jurisdiction, it is not enough for a plaintiff to assert that a defendant indirectly benefitted from the laws of the forum merely because the plaintiff is a resident of and conducts business in that forum. *See Mountaire Feeds*, 677 F.2d at 655-56; *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014) (stating that "however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether" the court can exercise personal jurisdiction (internal quotation marks omitted)). Pederson's argument suggests that his professional licensure in Minnesota distinguishes him from a plaintiff who merely conducts business in the forum. But Pederson cites no legal authority for this distinction, nor does there appear to be any discernable basis for such a distinction. Whenever a defendant has contracted or otherwise done business with a plaintiff, whether the plaintiff is professionally licensed or not, there is likely to be some incidental nexus between the defendant and the laws of the plaintiff's forum. But that nexus necessarily flows through the plaintiff, which "cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285; *accord Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 594 (8th Cir. 2011) (stating that "incidental contacts" with the

forum "do not constitute a deliberate and substantial connection" such that a defendant "could reasonably anticipate being haled into court there" (internal quotation marks omitted)).

Here, any aspect of Minnesota law that benefited Defendants necessarily flowed through Pederson, making Pederson the only nexus between Defendants and Minnesota—a nexus that is legally insufficient to support the exercise of personal jurisdiction over a nonresident defendant. Pederson has identified no facts to establish that Defendants specifically sought to avail themselves of any benefit or legal protection that is uniquely afforded by Minnesota independent of their relationship with Pederson. Nor has Pederson argued or identified facts to suggest that the legal services that Defendants sought were required to be performed in Minnesota or pursuant to Minnesota law. *See Mountaire Feeds*, 677 F.2d at 655 (observing that, although defendant contracted to do business with a plaintiff located in Arkansas, "the sales contracts did not require performance in Arkansas"). For these reasons, the Court overrules Pederson's objections.

As Pederson does not object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having carefully performed this review, the Court finds no clear error and, therefore, adopts the R&R.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Lee Michael Pederson's objections to the July 11, 2018 R&R, (Dkt. 75), are **OVERRULED**.

2. The July 11, 2018 R&R is **ADOPTED**.

3. Defendants' motion to dismiss the amended complaint, (Dkt. 59), is **GRANTED**.

4. The amended complaint, (Dkt. 49), is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

5. Plaintiff Lee Michael Pederson's written and oral requests to supplement the record, (Dkts. 67, 71), are **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: September 13, 2018
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge